**Bryon Dale McLEOD, Plaintiff–Appellant,**

v.

**James W. KNOWLES, Defendant–Appellee.**

No. 05–40248
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

June 21, 2006.

Bryon Dale McLeod, Lindale, TX, pro se.

Robert Christopher Bunt, Howard, Davis & Bunt, Tyler, TX, for Defendant–Appellee.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Bryon Dale McLeod appeals the district court's dismissal for lack of jurisdiction of his suit against James W. Knowles, who was appointed to represent McLeod at resentencing. McLeod's suit alleged that Knowles failed to pursue a claim that changes to the Sentencing Guidelines should apply retroactively, resulting in an unlawful sentence.

Liberally construed, McLeod's pro se brief asserts that Knowles was a federal employee and, therefore, jurisdiction exists under the Westfall Act/Federal Tort Claims Act (FTCA) and, alternatively, for a constitutional violation on the basis of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), or 42 U.S.C. § 1983.

The FTCA does not provide for suits against federal employees. *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir.1988). "Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.*

Further, an attorney appointed to represent an indigent defendant is not subject to suit under § 1983 or *Bivens*. *See Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir.1976); *O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir.1972).

Because McLeod's appeal fails to raise any issues of arguable merit, we dismiss it as frivolous. *See Howard v. King*, 707 F.2d 215, 219–20 (5th Cir.1983); 5TH CIR.

---

R. 42.2. Further, we caution McLeod that any future filings containing abusive and insulting language directed towards judicial officers will result in the imposition of sanctions.

DISMISSED; SANCTION WARNING ISSUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under